UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BONNIE KOHLERITER and LAURA LEIGH,<br><br>　　　　　　　　　　　Plaintiffs,<br>　v.<br>SALLY JEWELL, et al.,<br>　　　　　　　　　　　Defendants. | Case No. 3:13-cv-00495-MMD-VPC<br><br>ORDER |

I. **INTRODUCTION**

This Order addresses the issues raised in Plaintiffs' supplemental brief (dkt. no. 22), which the Court authorized Plaintiffs to file after the hearing on Plaintiffs' Emergency Motion for Temporary Restraining Order ("Emergency Motion") held on September 27, 2013, at 10:00 a.m. While Plaintiffs' requested emergency relief was based on the claims and allegations in the First Amended Complaint, Plaintiffs filed a Motion to Amend their First Amended Complaint (dkt. no. 19) on the morning of the scheduled hearing and after expiration of the shortened briefing schedule set on their Emergency Motion. At the hearing, Plaintiffs presented statutory authorities to support their first claim for relief although these legal authorities and issues were not raised in their Emergency Motion. The Court nevertheless permitted Plaintiffs to brief these issues in a supplemental filing. Plaintiffs filed a supplemental brief on September 30, 2013, and Defendants filed a response on October 1, 2013 (dkt. no. 23). The Court has reviewed both filings.

## II.    RULING ON EMERGENCY MOTION

Plaintiffs initiated this action on September 13, 2013, concerning the United States Fish and Wildlife Service's September 9-14, 2013, round-up of feral horses at the Sheldon Refuge. The First Amended Complaint alleges claims under the Administrative Procedure Act ("APA") (first claim for relief) and the First Amendment (second claim for relief) and a third claim for declaratory relief. (Dkt. no. 3.) Four days later, on September 17, 2013, Plaintiffs filed their Emergency Motion in which they assert two claims for emergency relief: (1) sending captured horses to J&S Associates, Inc. ("J&S"), an adoption contractor, violates the APA; and (2) the Sheldon gather and holding procedures violate Plaintiffs' First Amendment rights. (Dkt. no. 5.) The Court scheduled a hearing on the Motion for Friday, September 27, 2013. (Dkt. no. 14.)

At the hearing, the Court found that Plaintiffs' First Amendment claim relating to the gathering of Sheldon horses was moot for the purpose of emergency relief as the gather had already been completed and it is undisputed that no other gather is scheduled to occur at the Sheldon Refuge until 2014. (Dkt. no. 13 at 3.) The Court found that Plaintiffs' First Amendment concerns regarding Plaintiffs' viewing access to the captured horses, some of which are scheduled to remain at the Virgin Valley temporary holding facility throughout October (dkt. no. 13 at 13-14), is ripe for review and requires an evidentiary hearing. The Court set an evidentiary hearing on Plaintiffs' First Amendment claim related to viewing for October 10, 2013. (Dkt. no. 20.)

Concerning Plaintiffs' APA claim, the Court denied Plaintiffs' request for emergency relief seeking a temporary restraining order to enjoin the shipment of Sheldon horses to J&S based on its determination that Plaintiffs had not demonstrated a likelihood of success on the merits.  Plaintiffs admitted that their Motion for TRO and their First Amended Complaint were deficient because neither cited to a source of substantive law that is reviewable under the APA. Plaintiffs sought to cure this deficiency in their Motion to Amend and their proposed Second Amended Complaint. (Dkt. no. 19.) The Motion to Amend is not yet fully briefed.

2

### III. RULING ON PLAINTIFFS' SUPPLEMENTAL BRIEF

The Court, having reviewed the supplemental briefs, has not reconsidered its decision to deny the Emergency Motion seeking to temporarily enjoin the shipment of horses to J&S based on the APA claim. Plaintiffs cite to three statutes in their supplemental brief: (1) the Wild Free-Roaming Horses and Burros Act of 1971 ("Wild Horse Act"); (2) the National Environmental Policy Act ("NEPA"); and (3) the National Wildlife Systems Administration Act ("Refuge Act"). The Court finds that Plaintiffs cannot demonstrate likelihood of success on the merits of their APA claim even setting aside the fact the operative complaint — the First Amended Complaint — does not assert substantive violations of these statutes to support the APA claim.[1]

The Court held during the September 27 hearing that Plaintiffs have not demonstrated that the Wild Horse Act should apply to Sheldon Horses managed by the United States Fish and Wildlife Service. Plaintiffs have provided no additional arguments in support of the application of the Wild Horse Act and the Court will not reconsider its decision.

Plaintiffs have also failed to demonstrate likelihood of success on their merits that Defendants have violated NEPA. In their supplemental brief, Plaintiffs simply quote the statute and cite case law addressing its standing requirement, which is not being challenged in this case. Plaintiffs appear to argue that NEPA requires preservation of "important historic, cultural, and natural aspects of our national heritage" and because Sheldon horses are part of our national heritage, Defendants' alleged failure to protect them violates NEPA. However, the Court agrees with Defendants that NEPA is a procedural statute and does not confer the substantive rights that Plaintiffs seek to enforce here. In order to allege a violation of NEPA, Plaintiffs must identify a procedural requirement that Defendants violated. *Robertson v. Methow Valley Citizens Council*,

---

[1] A plaintiff must establish likelihood of success on the merits, among other factors, to obtain injunctive relief. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

490 U.S. 332, 350 (1989). Plaintiffs have failed to identify the procedural requirements under NEPA that Defendants have purportedly violated. The gist of Plaintiffs' APA claim is that Defendants failed to comply with the CCP.

Finally, Plaintiffs' argument as to the Refuge Act is similarly tenuous. Plaintiffs cite to three sections of the Refuge Act, but do not identify specific failures of the CCP relating to any of these sections. First, they address the requirement in 16 U.S.C. § 668dd(e)(2)(C) that the Secretary identify and describe the archeological and cultural values of the planning unit in developing the CCP. Plaintiffs state that the "intended management of horses before the CCP was finalized, did not adequately consider or take into consideration the archeological and cultural values of the horses residing in the refuge[.]" (Dkt. no. 22 at 8–9.) Plaintiffs do not explain why intended management prior to the finalization of the CCP is relevant to their emergency motion nor a violation of the CCP.

Second, Plaintiffs cite to the Refuge Act's requirement in 16 U.S.C. § 668dd(e)(4)(A) that there be public involvement in the preparation and revision of the CCP. While Plaintiffs assert that Defendants ignored the weight of public comment and failed to accurately include it in the CCP as required, they do not identify a single example of comments that were not included or that were inaccurately represented. The Court, therefore, has no evidence to consider in support of Plaintiffs' claim.

Third, Plaintiffs claim that Defendants violated 16 U.S.C. § 668dd(a)(4)(B), which requires that the Secretary ensure biological integrity, diversity, and environmental health. Plaintiffs again fail to identify a single specific violation and, instead, state "the intended management of the Sheldon horses before the CCP was finalized, is contrary to [diversity.]" (Dkt. no. 22 at 8.) Plaintiffs do not explain why intended management prior to the CCP's finalization is relevant to the instant motion nor a violation of the Refuge Act.

///

///

## IV.  CONCLUSION

Plaintiffs cannot demonstrate the likelihood of success on its APA claim even if the Court were to consider the three substantive statutes referenced in their supplemental brief that they cite in support of their APA claim. The Court therefore declines to reconsider its order denying emergency relief based on the APA claim seeking to enjoin the shipment of Sheldon horses to J&S.

ENTERED THIS 3rd day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE