UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BONNIE KOHLERITER and LAURA LEIGH,<br><br>                                 Plaintiffs,<br>v.<br>SALLY JEWELL, et al.,<br><br>                                 Defendants. | Case No. 3:13-cv-00495-MMD-VPC<br><br>(Defs.' Motion to Stay – dkt. no. 24) |

      Before the Court is Defendants' Motion to Stay Proceedings in Light of Lapse in Appropriations, seeking to stay all proceedings in this case, including the evidentiary hearing scheduled for October 10, 2013. (Dkt. no. 24.) The Court has reviewed the Motion, Plaintiffs' opposition (dkt. no. 25) and Defendants' reply (dkt. no. 26). The Motion is denied as to the evidentiary hearing and deferred as to other proceedings in the case after the October 10, 2013, evidentiary hearing.

      The Court set the evidentiary hearing based on a finding that Plaintiffs' emergency request for meaningful access to view Sheldon horses held in Virgin Valley temporary holding facility throughout October is (1) ripe for review, and (2) requires the Court to hear evidence on the factors established in *Press-Enterprise Co. v. Superior Court of California for Riverside* (*Press Enterprise II*), 478 U.S. 1 (1986). Defendants allege that they have provided limited viewing access to the public while Plaintiffs clarified at the September 27, 2013, hearing that they have been denied access entirely. The October 10, 2013, hearing will focus exclusively on Plaintiffs' First Amendment

claim relating to the denial of access to view Sheldon horses at the temporary holding facility, and will not address the shipment of these horses to J&S. Defendants seek a stay because of the lapse in appropriations that resulted in the government "shutdown," which began at 12:01 a.m. on October 1, 2013. Defendants, citing to 31 U.S.C. § 1342, represent that Department of Justice civil attorneys and Department of Interior employees are generally prohibited from working. Plaintiffs oppose the stay primarily because Sheldon horses may be shipped to J&S during the period of the requested stay. In their opposition, Plaintiffs focused solely on their requested emergency relief with respect to shipment of Sheldon horses to J&S, but neglect to address the only issue set for the October 10, 2013, hearing.

Nevertheless, the Court is required to address Plaintiffs' First Amendment claim. A stay of the October 10, 2013, hearing, given the brief remaining duration for access to viewing of Sheldon horses at the temporary holding facility during the month of October and the fact that alleged harm is currently ongoing, would be highly prejudicial to Plaintiffs and contrary to the public interest. As the Ninth Circuit recently reiterated in a case involving one of the plaintiffs on a similar claim based on denial of access to observe the government's wild horse gathering activities, "courts have a duty to conduct a thorough and searching review of any attempt to restrict public access." *Leigh v. Salazar*, 677 F.3d 892, 900 (9th Cir. 2012). At this point, the length of the government shutdown is unclear, but the duration of the Sheldon horses' placement at the temporary holding facility will be brief. In fact, if a stay is granted, the issue set for the October 10, 2013, hearing may be moot by the time the appropriation issue is resolved. Additionally, even if shipment of horses is halted during the period of the government shutdown, and horses remain at the temporary holding facility through the requested stay, Plaintiffs' First Amendment right of access to viewing may be abridged given the ongoing nature of the alleged violation.

///

///

It is therefore ordered that Defendants' Motion to Stay Proceedings in Light of Lapse in Appropriations (dkt. no. 24) is denied as to the October 10, 2013, evidentiary hearing and deferred as to subsequent proceedings.

DATED THIS 3rd day of October 2013.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE